UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No. 14-21825-AJC
Chapter 7

Mailen Alfonso ,

Debtor.
_____/

CHAPTER 7 TRUSTEE'S AND DEBTOR'S JOINT MOTION TO COMPROMISE
CONTROVERSY

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Come now, Drew M. Dillworth, as Trustee of the Chapter 7 Bankruptcy Estate of Mailen Alfonso (hereinafter "Trustee") and Mailen Alfonso (hereinafter "Debtor"), hereby file and serve this instant Motion To Compromise Controversy, and state the following in support thereof:

1. A voluntary petition in bankruptcy, under Chapter 7 of Title 11 of the United States Code, was filed by the Debtor and an order for relief was entered on May 23rd, 2014.

2. Drew M. Dillworth is the duly-appointed and permanent Trustee in these proceedings.

3. The Trustee has conducted the Debtor's Rule 2004 Examination *duces tecum*, obtained discovery, formal and informal, from the Debtor and otherwise has concluded his due diligence.

4. The Debtor has listed and disclosed the following real property interests in her Bankruptcy Schedules (as originally filed [DE#1] and amended [DE#11]):

   a) 2443 W 73 Place, Hialeah, FL 33016-6510 ["Homestead"].).
   Legal description: 1st ADDN TO ALAMEDA JARDIN. Debtor is on deed only; with liens totaling $66,375.48, and Debtor value same at $130,970.00; and claimed as exempt;

1

  b) 7920 SW 15 Street, Miami, FL 33144-5230 ["7920 Property"] with liens totaling $475,000.00, and Debtor value same at $158,110.00; and claimed as exempt.

5. The Debtor lists the following personal property ["Personalty"] in her Schedules [DE#1]:

 a. Cash on hand $5.00, value by Debtor at $0.00 and claimed as exempt;

 b. Space Coast Credit Union checking account #4169 ["Checking #4169"], valued by Debtor at $73.66 and claimed as exempt;

 c. Household goods ["HHG"]: Bedroom #2: Bed and Mattress, Dresser, Mirror, Night Table, Lamp, TV= $240.00, and claimed as exempt;

Bedroom #2: Bed and Mattress, Dresser, Mirror, Night Table, Lamp, TV.=$170.00 claimed as exempt;

Bedroom #3: Bed and Mattress, Mirror, Night Table, Lamp, TV.= $125.00,and claimed as exempt;

Dining room: table, chairs, painting= $55.00, and claimed as exempt;

Family Room: Sofa, Lamp, Painting, Figurines, tables, TV, Stereo system =$155.00, and claimed as exempt;

Garage/shed: Power tools, tools =$20.00 claimed as exempt;

Kitchen: Charis, small appliances, Pots/pan, dishes, utensils, microwave, freezer, ranger =$230.00, and claimed as exempt;

Laundry: Washer and Dryer=$100.00, and claimed as exempt;

Living Room: sofa, lamp, painting, figurines, tables =$140.00, and claimed as exempt;

Miscellaneous: Towels, Sheets, Pillows, Blankets, Iron, Ironing board=$30.00, and claimed as exempt;

Patio: Furniture set, Bar-B-Q=$30.00, and claimed as exempt;

                    Recreation Room: Desk, Chairs, Lamp, Bookcase, Computer, printer=130.00, and claimed as exempt;

d.        Clothing: Shoes, Undergarment, Jeans, Nightgowns, Suits ["Wearing Apparel"] valued by Debtor at $150.00;

e.        Jewelry: Watch, Ring, Bangles, Necklace, Bracelet, custom jewelry, Earrings ["Jewelry"] valued by Debtor at $60.00;

6. Debtor's total listed unsecured indebtedness is approximately $101,634.09 in her schedules [DE#1].

7. Debtor and Trustee have negotiated in good faith and have agreed to the following terms of this Agreement to resolve their differences.

8. The substance of the Settlement is that the Debtor has offered, and the Trustee has accepted subject to this Court's approval, to settle his differences with the Trustee as follows:

    a. Payment to the Trustee of the total sum of $10,000.00 ["Settlement Sum"] over time (as set forth herein-below). Debtor shall pay to the Trustee the a lump Sum of $1,000.00 by no later than September 1st, 2015; and monthly payments of $500.00 per month commencing October 1st, 2015 and continuing through and including March 1st, 2017 until the entire Settlement Sum has been remitted in full.

    b. Any asset not specifically transferred or abandoned, as set forth in this Settlement Agreement is not transferred or abandoned by the Trustee. The transfer or abandonment is subject to payment in full hereunder and the default provisions set forth below.

    c. Debtor waives any and all claims against the Trustee/Estate.

9. Default Provisions: Should Debtor default in failing to timely remit any or all of the Settlement Sum as set forth above, Debtor agrees herein that, the Trustee will thereafter file an objection to her claimed exemptions and same shall not be opposed by the Debtor (which will be noticed for hearing to the Debtor), and Debtor shall immediately surrender and turnover her non-exempt assets to the Trustee and all payments made hereunder shall not be applied to any

3

indebtedness owed relating to the non-exempt assets as same shall be deemed payment for the time value of money to the Trustee; and the Debtor shall also not defend the to-be-filed complaint to deny/revoke her discharge, and the Trustee shall be entitled to a judgment denying/revoking the Debtor's bankruptcy discharge forthwith (after notice and hearing) and Debtor shall not defend (directly or indirectly) said action to deny/revoke her discharge – also, the Trustee may file an action to deny/revoke or otherwise simply file a motion to revoke the Debtor's discharge, at the Trustee's option, and Debtor consents to motion practice for such purpose.

10. Continued Cooperation: Debtor will also continue to cooperate with the Trustee to collect assets for the benefit of the estate and to provide whatever other assistance is requested by the Trustee, including providing information and/or assistance relating to objections to claims and recovery of assets.

11. Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See, In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test for the Court to consider whether or not to approve a settlement or compromise is whether the proposed settlement/compromise "falls below the lowest point in the range of reasonableness." *See, id.* at 891.

12. The Trustee believes, under his business judgment that this Settlement Agreement is in the best interests of the Estate and that it falls above the lowest point in the range of reasonableness for approval purposes, and the Trustee requests entry of an order approving same in its entirety.

13. The proposed Settlement is contingent upon the Court's approval. A Bankruptcy Judge may approve a settlement in a liquidation proceeding if the settlement is in the estate's best interest. *In Re American Reserve Corporation*, 841 F.2d 159, 161 (7th Cir. 1987); *In Re Monoray Group*, 73 B.R. 630, 635 (Bankr. M.D. Fla. 1987). The approval of settlement is within the discretion of the Court. *In Re Arrow*, 85 B.R. 886, 890-891 (Bankr. S.D. Fla. 1988).

4

14. When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In Re Justice Oaks II, Ltd.*, 898 F.2d, *cert. denied*, 498 U.S. 959 (1990).

### Application Of Factors

### The Probability of Success of the Litigation

In the instant matter, the Trustee would likely prevail on the objection to exemptions and believes he would prevail as to an objection to the Debtor's discharge, especially if she defaults after court-approval.

### The Difficulties, if any, to be Encountered in the Matter of Collection.

Collection efforts could be problematic as the reality is that the case becomes one not of collection but of cost benefit for the costs of litigating to be incurred by the Estate.

As such it is believed that the case would be administratively insolvent should the Trustee further pursue the litigation.

### The Complexity of the Litigation Involved, and the Expense, Inconvenience and Delay Necessarily Attending It.

The existence of this factor in this case is self-evident. The Trustee would have to carry the burden on each and every element of his case and also have to incur substantial fees and costs in litigating the denial of the Debtor's discharge and objection to the claimed exemptions. Again, as set forth above, this would be an administratively insolvent estate and recovery would likely be *de minimis*.

### The Paramount Interest of Creditors and a Proper Deference to Their Reasonable View in the Premises.

The Settlement with the Debtor would result in a modest settlement ($10,000.00) for the benefit of the creditors of this Estate. This amount is within the range of reasonable expectation of the recovery the Trustee believes he could obtain for purposes of liquidating non-exempt assets. Administrative costs would be consumed for the potential of any recovery against the Debtor in the Adversary Proceeding and certainly would leave an administratively insolvent estate.

Quite simply, the Settlement proceeds in this matter represent a reasonable return on what the Trustee perceives to be a valid basis for denial of the Debtor's discharge.

The Trustee, in the sound exercise of his business judgment, believes that the Settlement is fair and reasonable and in the best interests of the Estate. As such, the Trustee believes that the Settlement Agreement should be approved by the Court.

WHEREFORE, the Trustee and Debtor request entry of an order, substantially in the form attached hereto, approving this Settlement and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY that true and correct copy of the foregoing was served via United States mail this ___31st___ day of __August__, 2015 upon those named on the attached service list and Debtor at 2443 West 73rd Place, Hialeah, FL, 33016; and via email in pdf format by the Court on those named on the attached ecf service list, simultaneously with the filing of this Motion.

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated _August 31st_, 2015.

                    Trustee's counsel
                    19 West Flagler Street, Suite 416
                    Miami, FL 33130
                    Tel. No. (305) 374-0200
                    Fax. No. (305) 374-0250
                    Email: jbm@title11law.com

                    JAMES B. MILLER, ESQ.
                    Fla. Bar No. 0009164

WE (DEBTOR and Trustee) HAVE READ THE FOREGOING AND AGREE TO THE TERMS AND STATEMENTS MADE THEREIN, AND HAVE HAD THE OPPORTUNITY TO HAVE THIS MATTER REVIEWED BY LEGAL COUNSEL PRIOR TO EXECUTING SAME.

_____
Mailen Alfonso
PRO SE

_____
Drew M. Dillworth, Trustee

AGREED AS TO FORM BY:

_____
James B. Miller, Esq.
Trustee's Counsel

7